```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               Plaintiff,
     vs.                                Case No. 05-40107-01-RDR

BOOKER LEE ZACHERY JOHNSON III,

               Defendant.
```

## MEMORANDUM AND ORDER

The defendant is charged with distribution and possession with intent to distribute approximately 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine in violation of 21 U.S.C. § 841(a)(1). The defendant has filed the following motions: (1) motion in limine regarding organizational chart; (2) motion for bill of particulars; (3) motion for further discovery and disclosure; and (4) motion for in camera inspection and disclosure of Brady material and criminal history contained in cooperating witnesses' probation files. The court has conducted a hearing on these motions and made several rulings. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

**MOTION IN LIMINE REGARDING ORGANIZATIONAL CHART**

The defendant seeks an order of the court preventing the government from introducing any evidence concerning an organization chart that shows the defendant as the leader of a group of drug dealers. The defendant suggests that the chart is either not

relevant or that its probative value is outweighed by its prejudicial impact. The government has suggested that this is a matter that is better left for decision at trial.

The court agrees with the government. The government shall not be allowed to use the chart until the court determines if there is some foundation for it. A chart that summarizes the testimony offered at trial may be admitted by the court. United States v. Stiger, 413 F.3d 1185, 1198 (10th Cir. 2005). However, if the chart contains information from non-trial sources, it cannot be admitted. Id.

**MOTION FOR BILL OF PARTICULARS**

The defendant seeks a bill of particulars concerning the charge contained in the indictment. He requests: (1) the specific time and location where the alleged offenses commenced; (2) the manner in which the alleged offenses were perpetrated; and (3) the particulars of each of the defendant's alleged offenses. The defendant points out in support of his motion that the superseding indictment provides that the alleged offense occurred "from an unknown date beginning sometime after January 1, 1996, and continuing to on or about the 15th day of March, 2005, the exact dates unknown to the Grand Jury." The defendant further notes that the superseding indictment alleges possession and distribution of two separate types of narcotics: cocaine base or crack cocaine and cocaine hydrochloride or powder cocaine. The defendant suggests

that the broad dates of the conspiracy coupled with the lack of specificity in the charge mandates a bill of particulars here. The defendant contends that this indictment raises double jeopardy as well as statute of limitations issues.

The government objects to the defendant's request for a bill of particulars. The government argues that a bill of particulars is not required because the indictment tracks the statute and adequately expresses all elements of the offense. Moreover, the government points out that the defendant has been given all of the statements of the government's witnesses.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Levine, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks omitted). "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." Id. at 167 (citations and internal quotation marks omitted). "[T]he defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case." Id. (citations and internal quotation marks omitted) (emphasis in the original).

The threshold for obtaining a bill of particulars in the Tenth Circuit is high. Nevertheless, this case appears to be one where

a bill of particulars is warranted. The extended dates of the alleged offense--over nine years--coupled with the lack of specificity in the indictment justifies the granting of a bill of particulars. For these reasons, the court believes that a bill of particulars is necessary, even though the government has produced substantial discovery in this matter. The government shall be required to provide the specific time and location where the alleged offense commenced and the manner in which the alleged offense was perpetrated. The government should provide the bill of particulars within twenty-five days.

**MOTION FOR FURTHER DISCOVERY AND DISCLOSURE**

The defendant seeks information concerning the prior crimes that the cooperating witnesses were arrested for and which led to their cooperation with the government and their testimony in this case. The defendant notes that no Brady or Giglio evidence has been produced by the government at this time. The defendant seeks all DEA 6 reports, arrest reports, officer narratives and any related statements relating to the prior crimes of the following witnesses: (a) Richard Smith, (b) Randy Owens, (c) Darrlyn Johnson, (d) David Wakes, (e) Annette Brown, (f) Aneurin Netherland, (g) Terrance Wilkins, (h) Eugene Green, (i) Bryan Brown, (j) Courtney Cannon, (k) Steve Bell, (l) Kenny Riley, (m) Tyrone Wakes and (n) Lawrence Washington.

The government has agreed to provide all of this information.

Given the government's response, this motion shall be granted. The government shall produce this information at least twenty days prior to trial.

**MOTION FOR <u>IN CAMERA</u> INSPECTION AND DISCLOSURE OF <u>BRADY</u> MATERIAL AND CRIMINAL HISTORY CONTAINED IN COOPERATING WITNESSES' PROBATION FILES**

The defendant seeks to have the court conduct an <u>in camera</u> inspection of the cooperating witnesses' probation files and release all <u>Brady</u> material contained in the files to defense counsel.

The government has agreed to provide the information requested by the defendant. The government will provide the presentence reports of the cooperating witnesses directly to the defendant's counsel. The court shall agree to this procedure. The court shall allow the presentence reports to be unsealed for this purpose. However, the defendant's counsel shall not make copies of these reports and shall not provide the defendant with access to them. If, after obtaining these reports, the defendant seeks additional materials, he can file another motion detailing his requests.

**IT IS THEREFORE ORDERED** that defendant's motion in limine regarding organizational chart (Doc. # 62) be held in abeyance pending trial.

**IT IS FURTHER ORDERED** that defendant's motion for bill of particulars (Doc. # 63) be hereby granted. The government shall be required to provide the specific time and location where the

alleged offense commenced and the manner in which the alleged offense was perpetrated.  The government should provide the bill of particulars within twenty-five days.

**IT IS FURTHER ORDERED** that defendant's motion for further discovery and disclosure (Doc. # 64) be hereby granted.  The government shall provide the requested materials at least 20 days prior to trial.

**IT IS FURTHER ORDERED** that defendant's motion for <u>in camera</u> inspection and disclosure of <u>Brady</u> material and criminal history contained in cooperating witnesses' probation files (Doc. # 66) be hereby granted in part and denied in part.  The government shall provide the presentence reports of the cooperating witnesses directly to the defendant's counsel.  The court shall allow the presentence reports to be unsealed for this purpose.  However, the defendant's counsel shall not make copies of these reports and shall not provide the defendant with access to them.

**IT IS SO ORDERED.**

Dated this 1st day of September, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge