IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 05-40107-01-RDR**

BOOKER LEE ZACHERY JOHNSON III,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's <u>pro se</u> motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2).[1] The defendant seeks a reduction of his sentence based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines"). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

On October 20, 2006, the defendant entered a plea of guilty pursuant to a plea agreement to one count of distribution of 17.51 grams of cocaine base and 27.23 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a). The plea agreement provided, inter alia, that the government and the defendant agreed to a specific sentence of 84 months pursuant to Fed.R.Crim.P. 11(c)(1)(C). The court accepted the plea and sentenced the

---

[1] There is also a pending motion for extension of time filed by the government. In the motion, the government seeks an additional 30 days, or until August 28, 2008, in which to file a response to defendant's motion. This motion shall be granted. The response filed by the government on August 13, 2008 is deemed timely filed.

defendant to a term of imprisonment of 84 months, even though the calculated guideline range was 360 months to life.

"The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." United States v. Sharkey, _____ F.3d ____, 2008 WL 4482893 at *1 (10th Cir. 2008).

Section 3582(c)(2) provides, in relevant part, as follows:

> The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... after considering the factors set forth in section 3553(a) ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The court finds that the defendant is not entitled to relief under § 3582(c)(2) based upon Amendment 706. Because the parties entered into an agreement under Rule 11(c)(1)(C) (previously Fed.R.Crim.P. 11(e)(1)(C)), the court is bound by the previously imposed term of 84 months. See Fed.R.Crim.P. 11(c)(1)(C) (stating that parties' agreement regarding specific sentence binds the court once the court accepts the plea agreement); see also United States v. Trujeque, 100 F.3d 869, 869 (10th Cir. 1996) (when a defendant enters into a valid plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C), he "may not seek a reduction in his sentence via 18

2

U.S.C. § 3582(c)(2)"). The defendant has neither argued nor demonstrated that his Rule 11(c)(1)(C) plea agreement is invalid. As a result, the court must dismiss defendant's motion for lack of jurisdiction. See Trujeque, 100 F.3d at 871.

**IT IS THEREFORE ORDERED** that defendant's pro se motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 101) is hereby dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the government's motion for extension of time to file response (Doc. # 104) is hereby granted.
**IT IS SO ORDERED.**

Dated this 27th day of October, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge